IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Broadstripe, LLC *et al.*, | ) | Case No. 09-10006 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Related Docket No. 17 |

## ORDER AUTHORIZING THE SALE OF CERTAIN ASSETS OF DE MINIMIS VALUE

Upon consideration of the *Motion for Order Authorizing the Sale of Certain Assets of De Minimis Value* (the "Motion")[1] and the Supporting Affidavits filed by the Debtors, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the relief requested in the Motion is in the best interests of the Debtors, their estates, and the creditors thereof; the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; the Court further finds that, upon the record herein and after due deliberation thereon, the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; therefore, cause exists to grant the Motion; accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is **GRANTED** as described herein.

2. The Debtors are hereby authorized to sell miscellaneous assets of a *de minimis* value (the "Assets"), the value of which in the aggregate (as recorded on the Debtors' books or, if such information is not available, as reasonably estimated by the Debtors) shall not exceed

---

[1] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Motion.

1

$100,000 in total sales price for each respective sale conducted pursuant to this Order and $500,000 in the aggregate for all sales conducted pursuant to this Order.

3. The following procedures shall govern the sale of the Assets:

   a. The Debtors will give written notice, by facsimile, electronic mail or overnight mail, of each proposed sale of Assets (the "Sale Notice") to: (i) the Office of the United States Trustee; (ii) counsel for any Committee appointed by the Bankruptcy Court; (iii) any entity that provides (or has provided) financing authorized by the Bankruptcy Court pursuant to § 364; (iv) any known holder of a lien, claim, encumbrance or interest against the specific Assets to be sold; and (v) any party that has requested to receive notices in the above referenced case (collectively, the "Notice Parties").

   b. The Sale Notice will specify: (i) the Assets to be sold; (ii) the identity of the proposed purchaser; (iii) the value of the Assets as reflected on the Debtors' books, or if no value is available, a reasonable estimation thereof; (iv) the proposed sale price for the Assets; and (v) a copy of any sale agreement (to the extent such sale agreement exists and is reasonably available). The Debtors shall not be permitted to sell assets to any insider (as defined in 11 U.S.C. § 101(31)) or to Highland Capital Management, L.P. ("Highland") or any entity related to or affiliated with Highland pursuant to the Sale Notice Procedures set forth in the Motion.

   c. If none of the Notice Parties serves a written objection to the proposed transaction in a manner so that it is actually received by the Debtor within five (5) business days after the date the Debtors serve the Sale Notice (the "Notice Period") or any such objection to the Sale Notice is resolved, counsel for the Debtors will submit a form of order to the Court containing findings that: (i) notice was given as required by the Court's order approving these procedures; (ii) no objection to the sale of the Assets was timely made or any such objection has been resolved; and (iii) the Debtors are authorized to proceed with the proposed sale free and clear of all security interests, liens, claims, encumbrances and interests.

   d. If the Debtors receive a written objection prior to the expiration of the Notice Period, and the Debtors are unable to resolve such objection, the Debtors will not take additional steps to consummate the sale of the Assets subject to the objection without first obtaining the Court's approval for the sale (but may proceed to sell any other Assets in the Sale Notice to which no objection was timely served in accordance with these procedures).

   e. Upon Court approval of the order authorizing the sale of Assets, the Debtors may consummate the proposed sale transaction and take such actions as are necessary to close the sale and obtain the sale proceeds without further notice or Court order.

2

4.  For any sale made pursuant to this Order, the disclosures required by Bankruptcy Rule 6004(f)(1) shall be included as an attachment to the Debtors' monthly operating report for the month in which such sale was consummated.

5.  The stay that would otherwise be imposed pursuant to Bankruptcy Rule 6004(h) is hereby waived and this Order shall take effect immediately.

6.  Bankruptcy Rule 6003 has been satisfied.

7.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED this 26th day of January 2009.

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DALLAS 1999779v.4
{00268606;v1}