# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Broadstripe, LLC, *et al.*,** | ) | **Case No. 09-10006 (CSS)** |
| | ) | |
| **Debtors.** | ) | **Jointly Administered** |
| | ) | |
| | ) | **Related Docket No. 2238** |

**ORDER (I) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN, (B) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) FIXING THE VOTING RECORD DATE; (II) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors (the "Debtors") for the entry of an order, pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing procedures for the solicitation and tabulation of votes to accept or reject the Debtors' First Modified Chapter 11 Plan of Reorganization, dated September 13, 2011 (as such Plan may be amended from time to time, the "Plan"), including (a) approving the form of ballot for submitting votes on the Debtors' Plan and establishing procedures for voting on the Plan; (b) approving solicitation packages and procedures for distribution thereof, and (c) fixing the voting record date for purposes of determining which holders of claims against the Debtors are entitled to vote on the Debtors'

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Plan; (ii) establishing notice and objection procedures in respect of confirmation of the Plan; and

(iii) granting related relief; and it appearing that adequate and sufficient notice of the Motion has

been given under the circumstances; and it further appearing that adequate and sufficient notice

of the hearing to approve the Disclosure Statement has been given; and the Court having

jurisdiction over this matter; and after due deliberation and upon the Court's determination that

the relief requested in the Motion is in the best interests of the Debtors, their estate, creditors and

other parties in interest; and sufficient cause appearing therefor,

### THE COURT HEREBY FINDS AND DETERMINES THAT:

A.    The Ballots filed with the Motion as Exhibit A-1 through Exhibit A-4 are

sufficiently consistent with Official Form No. 14, adequately address the particular needs of

these Chapter 11 Cases, and are appropriate for each class of claims or interests entitled under

the Plan to vote to accept or reject the Plan.

B.    Ballots need not be provided to the holder of claims and interests in the Non-

Voting Classes because the Plan provides that holders in such classes are either: (i) unimpaired

under the Plan and thus, conclusively presumed to have accepted the Plan; or (ii) impaired but

deemed to have rejected the Plan. Therefore, the Non-Voting Classes are not entitled to vote to

accept or reject the Plan.

C.    Claims for the future return of de minimis subscriber security deposits presently

held by the Debtors constitute a current liability of the Debtors that will be assumed by the

purchaser(s) of the Debtors' assets in connection with the pending sale. Accordingly, the

Debtors need not send Solicitation Packages nor Notification of Non-Voting Status to holders of

such claims.

D.    The voting instructions and procedures accompanying the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

E.    The contents of the Solicitation Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F.    The Debtors' service of the notice of the Confirmation Hearing, as contemplated in the Motion, satisfies the requirements of due process with respect to all creditors of the Debtors and no other or further notice need be provided.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    <u>Disposition.</u> The Motion is GRANTED in its entirety, and the Disclosure Statement is APPROVED as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.  Any objections that have not previously been withdrawn are hereby OVERRULED.

2.    The Debtors are authorized to make non-substantive conforming changes to the Plan and Disclosure Statement prior to solicitation.

3.    The Disclosure Statement and the Plan shall be on file with the Clerk of the Bankruptcy Court and may be examined by interested parties (i) at the office of the Clerk at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Third Floor, Wilmington, Delaware 19801-3024, during regular business hours, (ii) via the internet on the Court's website at www.deb.uscourts.gov or on the Balloting Agent's (as defined below) website at http://chapter11.epiqsystems.com/broadstripe, or (iii) by written request to co-counsel to the Debtors:  (a) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, DE  19899, Attn:  Don A. Beskrone, Esq., (b) Gardere Wynne Sewell LLP, 1000 Louisiana, Suite 3400, Houston, TX 77002, Attn: John P. Melko, Esq.

4.     <u>Voting Record Date.</u>  October 26, 2011, is the record date (the "<u>Voting Record Date</u>") for purposes of determining the creditors and interest holders entitled to receive the Solicitation Packages and/or to vote on the Plan, as applicable.  Each holder of a claim or interest within a class of claims or interests shall only be entitled to vote to accept or reject the Plan in the amount of such claim or interest as held on the Voting Record Date.

5.     <u>Solicitation Date.</u>  The Debtors and/or their Balloting Agent shall have five (5) business days after entry of this Order (the "<u>Solicitation Date</u>") to complete their distribution of the Solicitation Packages (or in the case of holders of claims or interests in the Non-Voting Classes the Notification of Non-Voting Status).

6.     <u>Solicitation Packages.</u>  The Debtors and/or their Balloting Agent are authorized and empowered, pursuant to Bankruptcy Code section 1125(b), to distribute or cause to be distributed by the Solicitation Date, the Solicitation Packages, by first class United States mail, to all known holders of claims and interests against the Debtors in the Voting Classes, containing copies of:

> a CD-ROM containing (or, at the Debtors' discretion a paper copy of) the Disclosure Statement, together with the Plan and other exhibits annexed thereto, and the Solicitation Order (the "<u>Plan Materials</u>");
>
> the Confirmation Hearing Notice (as defined below);
>
> either (i) a Ballot (as defined below), together with a return envelope, postage prepaid; or (ii) a Notification of Non-Voting Status (as defined below); and
>
> such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtors may file with the Court.

7.     The Debtors are authorized to distribute the Disclosure Statement, together with the Plan and other exhibits annexed thereto, and the Solicitation Order on CD-ROM, provided, however, that any party may view or download the Plan and Disclosure Statement at

no cost from http://chapter11.epiqsystems.com/broadstripe or may contact the Debtors' Balloting Agent, Epiq Bankruptcy Solutions for copies of these materials. Requests should be sent to Epiq Bankruptcy Solutions, Attn: Broadstripe Requests, 757 Third Avenue, 3rd Floor, New York, NY 10017.

8.     To the extent that they have not otherwise received a Solicitation Package as of the Solicitation Date, the Debtors and their Balloting Agent are authorized and empowered to distribute or cause to be distributed (a) the Plan Materials, and (b) the Confirmation Hearing Notice to the following parties:  (i) the Office of the United States Trustee; (ii) counsel to the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) those parties requesting notice pursuant to Bankruptcy Rule 2002; and (vi) all holders of Administrative Claims and Priority Claims.

9.     The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

10.     <u>Delivery to Non-Voting Classes</u>.  The Notification of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit B</u>, is hereby approved.  Because the claims and interests of Class 1 (Priority Claims), Class 6 (Highland Second Lien Note Claims) and Class 7 (Interests) are either:  (i) unimpaired under the Plan and thus, conclusively presumed to have accepted the Plan; or (ii) impaired but deemed to have rejected the Plan, the Debtors and their Balloting Agent are not required to transmit Solicitation Packages or Ballots to holders of claims in Classes 1, 6 and 7.  The Debtors and/or their Balloting Agent shall instead distribute or cause to be distributed to the holders of Claims or Interests in such classes, by the Solicitation Date, the Notification of Non-Voting Status.

11.     <u>Undeliverable or Returned Notices and Solicitation Packages.</u>     If

Solicitation Packages, Notifications of Non-Voting Status and/or Confirmation Notices are deemed undeliverable, the Debtors and/or their Balloting Agent are excused from further distributing such notices and Solicitation Packages to those entities if, after having exercised good faith efforts to locate a more current address for such entities, a more current address cannot be determined.

12.    <u>Approving Form of Ballot and Distribution Thereof.</u>   The Ballots, substantially in the form attached to the Motion as <u>Exhibit A-1</u> through <u>Exhibit A-4</u>, are hereby approved.

13.    The Debtors and/or their Balloting Agent shall customize, to the extent necessary, each Ballot to include each claim holder's name, address and the amount of such claim or interest.

14.    Creditors who have more than one claim against a Debtor in a single class shall receive only one Solicitation Package and one Ballot, as necessary.

15.    Ballots shall be distributed to holders, as of the Voting Record Date, of claims in Class 2 (First Lien Note Claims), Class 3 (Non-Highland Second Lien Note Claims), Class 4 (Miscellaneous Secured Claims) and Class 5 (General Unsecured Claims), which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

16.    <u>Voting Deadline.</u>   November 30, 2011 at 4:00 p.m. (Eastern Time) is established as the deadline by which all Ballots must be properly executed, completed, delivered to, and received by the Balloting Agent (the "<u>Voting Deadline</u>") at Broadstripe LLC Balloting Processing, c/o Epiq Bankruptcy Solutions, LLC, , P.O. Box 5014, FDR Station, New York, New York 10150-5014 (if by US mail), or at Broadstripe LLC Balloting Processing, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017 (if by

personal delivery or overnight courier).

17.    <u>Balloting Agent.</u>  Epiq Bankruptcy Solutions, LLC ("Epiq" or "Balloting Agent") is authorized to, among other things, perform all balloting services for and on behalf of the Debtors.

18.    <u>Voting and Tabulation Procedures.</u>  The voting procedures and the tabulation procedures, each as described in greater detail in the Motion, are approved.

19.    If any party wishes to have its claim or interest allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive a Ballot wishes to have its claim or interest temporarily allowed for voting purposes only, such party must serve on the Debtors and file with the Bankruptcy Court, on or before November 18, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim or interest for purposes of voting (the "3018 Motion").  A 3018 Motion must set forth with particularity the purported amount and classification of the claim or interest that should be allowed for voting purposes and include any supporting evidence.

20.    In respect of a timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all.  November 29, 2011 at 2:00 pm __.m. (Eastern Time) is established as the date and time for a hearing to consider all 3018 Motions, except as otherwise ordered by the Court.

21.    <u>Plan Confirmation.</u>  December 7, 2011 at 2:30 p.m. (Eastern Time) is

established as the date and time for a hearing to consider confirmation of the Debtors' Plan. The form of notice of the Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit C</u>, is approved in all respects. The scope of service of the notice of the Confirmation Hearing, as described in greater detail in the Motion, is adequate and provides all claimants with good and sufficient notice of the Confirmation Hearing.

22.    Any responses and objections, if any, to the relief sought in connection with confirmation of the Plan must (i) be made in writing; (ii) state the name and address of the objecting party and the amount and nature of its claim or interest; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; (iv) include suggested language to amend the Plan in a manner that would resolve the objection; and (v) be filed with the Court, together with proof of service, and served so that they are received on or before **November 30, 2011 at 4:00 p.m. (Eastern Time)** by the following parties: (i) counsel to the Debtors, Gardere Wynne Sewell LLP, 1000 Louisiana, Suite 3400, Houston, TX 77002, Attn: John P. Melko; *and* Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, DE 19899, Attn: Don A. Beskrone; (ii) The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder; *and* (iii) counsel for the Creditors' Committee, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway Avenue, New York, NY 10019, Attn: David J. Mark; *and* Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, P.O. Box 951, Wilmington, DE 19899, Attn: Etta Wolfe.

23.    If an objection to the confirmation of the Plan is not filed, served, and received strictly in accordance with the terms of the immediately preceding paragraph, the objecting party shall be barred from objecting to the Plan and may not be heard at the

Confirmation Hearing.

24.     The Debtors or any party supporting the Plan may file a response to any objection to confirmation of the Plan by no later than **12:00 p.m. (Eastern Time) on December 5, 2011**. At that time, the Debtors may also file proposed findings of fact and conclusions of law and a memorandum of law in support of confirmation.

25.     The service of the Solicitation Packages and other notices and documents described in the Motion shall be adequate and sufficient and no further notice is necessary.

26.     The Debtors are authorized to make any non-substantive changes to the voting procedures, Ballot, Notification of Non-Voting Status and/or form of notice of the Confirmation Hearing without further order of the Court, including, without limitation, changes to correct typographical, grammatical and/or formatting errors or omissions prior to the mailing to parties in interest.

27.     The Debtors are authorized and empowered to take such steps, incur and pay such costs and expenses, and to do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

28.     The Court shall retain jurisdiction with respect to any matters or disputes arising from or related to the Motion or the implementation of this Order.


Dated: October 26, 2011
       Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE