IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| BROADSTRIPE, LLC, ET AL. | ) Case No. 09-10006 (CSS) |
| Debtors. | ) Jointly Administered |
| | ) Related Docket No. 2281 |

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN ASSETS; (B) APPROVING ASSET PURCHASE AGREEMENT; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for Order (A) Authorizing the Sale of Certain Assets; (B) Approving the Asset Purchase Agreement; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* (the "Motion"), the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the relief requested in the Motion is in the best interests of the Debtors, their estates, and the creditors thereof; the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; the Court further finds that, upon the record herein and after due deliberation thereon, the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion; therefore, cause exists to grant the Motion; accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. All capitalized terms not defined herein shall be given the meaning ascribed to them in the Motion and/or the Asset Purchase Agreement (the "Agreement").

2.  The Motion hereby is **GRANTED** on the terms set forth herein. Any objections to the relief sought in the Motion that have not previously been resolved or withdrawn are hereby overruled on the merits. This order shall be valid and binding on all parties in interest and fully effective, immediately upon entry by the Court.

3.  The Debtors are authorized to sell the Systems to Martell pursuant to the terms of the Agreement.

4.  The Debtors are authorized to enter into the Agreement with Martell, and the Agreement is approved in every respect.

5.  The Debtors and Martell negotiated and acted at all times in good faith and, as a result, Martell shall have the protections afforded a good-faith purchaser under 11 U.S.C.A. § 363(m), and the Agreement shall not be avoidable under 11 U.S.C.A. § 363(n).

6.  The Debtors are authorized to take any and all actions necessary to consummate the Agreement with Martell.

7.  The sale of the Systems shall be free and clear of liens (other than liens created by Martell), claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code, whether known or unknown, including, but not limited to, any of the Debtors' creditors, vendors, suppliers, employees, executory contract counterparties or lessors, and Martell shall not be liable in any way (as successor entity or otherwise) for any claims that any of the aforementioned parties or any other third party may have against any of the Debtors, except for those liabilities or obligations expressly assumed by Martell pursuant to the terms of the Agreement.

8.  The security interests of the secured lenders in these cases shall attach to the proceeds of the sale with the same force and effect as if attached to the Systems.

HOUSTON 1129139v.1
{00567604;v1}

9. There are no defaults to be cured under the Designated Contracts or the assignable governmental permits and franchises related to the Systems.

10. There is adequate assurance of Martell's future performance under the Designated Contracts and the assignable governmental permits and franchises related to the Systems.

11. The Debtors are authorized to assume the Designated Contracts and the assignable governmental permits and franchises related to the Systems and assign such contracts, permits and franchises to Martell, and the Debtors shall have no further liability nor obligation whatsoever under such contracts, permits and franchises after they are assigned to Martell.

12. Any and all anti-assignment provisions in the Designated Contracts and the assignable governmental permits and franchises related to the Systems are deemed and found to be unenforceable anti-assignment provisions within the meaning of section 365(f) of the Bankruptcy Code and shall not restrict, limit, or prohibit the Debtors' assumption, assignment, and sale of such contracts, permits and franchises to Martell.

13. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and neither the 14-day stay of orders authorizing the sale, use, or lease of property of the estate, as set forth in Fed. R. Bankr. P. 6004(h), nor the 14-day stay of orders authorizing the assignment of executory contracts or leases, as set forth in Fed. R. Bankr. P. 6006(d), shall apply to this Order.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

SIGNED this 14th day of November 2011.

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

HOUSTON 1129139v.1
{00567604;v1}